UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT ROY FLOWERS,

    Plaintiff,

v.

R. MACINTIRE, et al.,

    Defendants.

No. C 14-5097 EDL (PR)

**ORDER OF DISMISSAL**

Plaintiff, a California state prison proceeding *pro se*, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the complaint is DISMISSED.

**DISCUSSION**

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although in order to state a claim a complaint "does not

need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states that on September 9, 2014, while he was at the Santa Rita Jail, he received a card from his wife.  However, when plaintiff received the card, he noticed that the card had been marked up on the inside with notations indicating plaintiff's housing unit and assumed alias.  Plaintiff asserts that because of these markings, his card was "basically destroyed."

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir.1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 435-36 (1982)), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533; *see Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process).  California law provides such an adequate post-deprivation remedy.  *See Barnett*

*v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Here, plaintiff concedes that the markings were "unnecessary" and "not part of the mail processing." Moreover, although markings to indicate an inmate's housing unit and alias may be part of a prison policy, it is not plausible to believe that markings intended to deprive or destroy an inmate's property are authorized. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (stating that a complaint must be dismissed if it does not proffer "enough facts to state a claim for relief that is plausible on its face."). Here, the allegations clearly indicate that the deprivation of property was unauthorized. As such, plaintiff's remedy for such a deprivation is provided by California law, not federal law. Because no amendment could cure the deficiency discussed above, this action is dismissed with prejudice for failure to state a claim.

## CONCLUSION

The complaint is DISMISSED with prejudice. The clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: March 16, 2015.

ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\CR.14\Flowers097dis.wpd